# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID VAN BUREN WOLFE**, ) | |
| ) | |
| Petitioner, ) | Case No. 7:07CV00325 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Respondent. ) | |

*David Van Buren Wolfe, Petitioner Pro Se; Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia.*

David Van Buren Wolfe, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Respondent filed a Motion to Dismiss and Wolfe responded, making the matter ripe for disposition. Upon review of the record, I find that the Motion to Dismiss must be denied and the matter shall be set for an evidentiary hearing.

I

Wolfe pleaded guilty on April 24, 2006, pursuant to a written plea agreement, to one count of conspiring with his wife, Geralet M. Wolfe, to possess with intent to distribute and to distribute cocaine base. Paragraph 8 of the Plea Agreement waived Wolfe's right to appeal, while Paragraph 9 read, in pertinent part: "I agree not to

collaterally attack the judgment and/or sentence imposed in this case and waive my right to collaterally attack, pursuant to [28 U.S.C.A. § 2255], the judgment and any part of the sentence imposed upon me by the court." On August 22, 2006, I sentenced Wolfe to 71 months imprisonment on this offense.[1] In exchange for his guilty plea, the government moved for dismissal of two additional counts that charged him with distribution of controlled substances. Wolfe did not appeal the conviction or sentence.

In June 2007, Wolfe filed this § 2255 action, alleging as his "sole" claim that his trial counsel was constitutionally ineffective in failing to file a notice of appeal after Wolfe asked him to do so.[2] Counsel for the government filed a Motion to

---

[1] Wolfe also received a 46-month sentence of imprisonment for violating his supervised release related to a previous federal conviction.

[2] In his response to the Motion to Dismiss, Wolfe alleges that his guilty plea and the waiver of § 2255 rights included in the plea agreement are invalid because (a) it is clear from the record that the petitioner did not understand "the full significance of the waiver;" (b) counsel advised him to plead guilty pursuant to an agreement that was void because it stipulated to a specific amount of drugs even though no specific amount was charged in the indictment; and (c) counsel advised the petitioner to accept a plea agreement whereby he waived his right to appeal. Wolfe does not formally amend his § 2255 motion to present these issues as separate claims. Moreover, in the same submission, he states that "he is not seeking to "vacate, set aside, or correct his sentence. . . . [He] is only seeking to be put back into the position that he would have been in had his attorney filed a notice of appeal." Similarly, in the initial § 2255 motion, Wolfe states that his sole claim concerns counsel's failure to file a notice of appeal. Accordingly, I find that Wolfe's other allegations of ineffective assistance before the guilty plea are merely arguments in support of this one claim, and I will not address them as separate, alleged grounds for relief.

Dismiss, arguing that pursuant to the provision in his plea agreement, Wolfe waived his right to bring any challenge to his conviction or sentence under § 2255. The Motion to Dismiss makes no other response to Wolfe's only claim—that counsel failed to file a notice of appeal.

II

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). However, "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). Moreover, the defendant may raise such a claim in a § 2255 motion despite having pleaded guilty pursuant to a plea agreement that included a waiver of § 2255 rights. *Id.* at 272. Under this precedent, if Wolfe can prove his allegation that he communicated a request to counsel for a notice of appeal, he is entitled to § 2255 relief in the form of a new opportunity to appeal his criminal sentence. I will deny the Motion to Dismiss and set the matter for an evidentiary hearing.

III

For the stated reasons, it is **ORDERED** as follows:

1. The Motion to Dismiss (Dkt. No. 5) is **DENIED**;

2. The clerk shall schedule an evidentiary hearing in the United States Courthouse in Abingdon on the sole claim that the petitioner asked his attorney to file a notice of appeal and the attorney failed to do so; and

3. The clerk shall arrange for the appointment of counsel to represent the petitioner in this § 2255 action, pursuant to 18 U.S.C.A. § 3006A(a)(2)(B) (West 2000 & Supp. 2007).[3]

          ENTER: November 5, 2007

          /s/ JAMES P. JONES
          Chief United States District Judge

---

[3] In the alternative, within ten days from the date of entry of this Order, the government may request that in the interest of judicial economy, without conceding that counsel was ineffective as alleged, the court grant the petitioner a renewed opportunity to appeal his conviction and sentence.

- 4 -